The **STATE of Texas, Appellant,**

v.

**David Leonard WOOD, Appellee.**

No. 08–91–00337–CR.

Court of Appeals of Texas,
El Paso.

March 13, 1992.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellant.

Dolph Quijano, Jr., Norbert J. Garney, El Paso, for appellee.

Before WOODARD, KOEHLER and BARAJAS, JJ.

### OPINION

WOODARD, Justice.

This is an interlocutory appeal by the State pursuant to Tex.Code Crim.Pro.Ann. art. 44.01(a)(5) (Vernon Supp.1992). In two points of error, the State seeks review of the trial court's suppression of evidence seized from a vehicle under the control of David Leonard Wood, Defendant. We affirm the ruling of the 171st Judicial District Court.

---

1. A "victim" means a person who is the victim of sexual assault, kidnapping, or aggravated robbery or who has suffered bodily injury or death as a result of the criminal conduct of another. Tex.Code Crim.Pro.Ann. art. 56.01(3) (Vernon Supp.1992).

2. Tex.Code Crim.Pro.Ann. art. 18.02(10) (Vernon 1977) reads as follows:
   **Art. 18.02. Grounds for issuance**

In Point of Error No. One, the State argues the trial court abused its discretion in making its findings of fact. In its second point of error, the State asserts the trial court erred, as a matter of law, in applying the law to the instant facts. As addressed by both the State and Defendant, we will discuss the points simultaneously.

### I. SUMMARY OF THE EVIDENCE

On July 13, 1990, David Leonard Wood was indicted for the offense of capital murder, for which the State seeks the death penalty. Specifically, the Defendant was indicted for causing the death of six women, between May and August 1987. The indictment alleges that one victim[1] was stabbed with a sharp instrument, while the remaining five victims met their death "in some manner and by some means, instrument or weapon, unknown to the Grand Jury."

On October 23, 1987, the State sought and obtained two identical search warrants to search a specific beige 1986 Nissan pickup truck which was under the control of the Defendant. Neither the State nor the Defendant contest the fact that the search warrants were evidentiary in nature and issued pursuant to Tex.Code Crim.Pro.Ann. art. 18.02(10) (Vernon 1977).[2] The pertinent portions of the evidentiary search warrants read as follows:

3. It is the belief of Affiant that specific criminal offenses have been committed, to-wit:

That David Wood on or about September 19, 1987, in El Paso County, Texas did then and there intentionally abduct G__ G____, without her consent, with intent to prevent her liberation, by using and threatening to use deadly

A search warrant may be issued to search for and seize:

. . . . .

(10) property or items, except the personal writings by the accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense.

force on G___ G_____ and with intent to violate or abuse her sexually.

Additionally, that David Wood, on or about August 7, 1987, then and there intentionally and knowingly by threats and force directed toward J___ B_____, have sexual intercourse with J___ B_____, without her consent, and she was then and there a female who was not his wife.[3]

4. There is located in the suspected vehicle, items concealed and kept constituting evidence of said offenses and constitutes evidence that the said David Wood committed said offense. Said items being described as the following:

Clothing belonging to J___ B_____, cigarette butts, fingerprints, ligatures, and knife belonging to David Wood.

The evidentiary search warrants were executed and the vehicle in question searched on October 23, 1987. During such search of Defendant's vehicle, the following described property was found and seized:

One (1) pair mens black work boots— with hair evidence

One checkered shirt with hair evidence

One small brush, One blue card

One purple colored doll

Three plastic baggies with vacuumed samples from 1986 NISSAN

One wooden cain [sic]

On August 21, 1991, Defendant filed a Motion to Suppress, seeking to exclude "fiber evidence" which purportedly linked the Defendant to the death of the six women named in the indictment. The Defendant did not attack the validity of the evidentiary search warrant; rather, he attacked the legality and reasonableness of the search by asserting violations of the Fourth Amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution. Specifically, the Defendant alleged that the search exceeded the scope of the evidentiary search warrants in that the fiber evidence was not specifically listed in the warrants.

On September 3, 1991, the 171st District Court of El Paso County, after conducting a hearing, sustained Defendant's Motion to Suppress and ordered that the evidence seized from the Defendant's 1986 beige Nissan pickup truck pursuant to the search warrants be suppressed. The trial court further entered Findings of Fact and Conclusions of Law as to its ruling on the Defendant's Motion to Suppress.[4]

The State, in its brief, asserts that it did not need to present any evidence other than the warrants, and further, that the burden of proof lies with the Defendant to show that the items seized were outside the scope of the evidentiary search warrant. Moreover, the State, again in its brief, concedes that all the evidence seized pursuant to the execution of the evidentiary search warrant should be excluded, save and except the three plastic baggies with vacuumed samples from the Defendant's vehicle. The State, for the first time on appeal, maintains that the vacuumings

---

**3.** Initials have been inserted in lieu of specific given names in the interest of privacy of the victims of the unrelated sexual assaults. Neither of the two victims are among the six victims named in the capital murder indictment in the instant case.

**4.** In the instant case, the trial court entered findings of fact and conclusions of law as follows:

FINDINGS OF FACT

1. The Court finds that the search warrants (State's Exhibit No.'s 16 & 17) were issued on October 23, 1987.

2. The Court finds that the search warrants were issued pursuant to Article 18.-02(10), T.C.C.P. to search for specifically described property or items relating to an alleged kidnapping occurring on or about September 19, 1987 and an alleged sexual assault occurring on or about August 7, 1987.

3. The Court finds that the officer executing the search warrants did not seize any of the specifically described property or items enumerated in the search warrants, and that the items actually seized and listed on the returns were not specifically described in the search warrants.

4. The Court finds that all of the items seized and listed on the return constitute "mere evidence".

5. During the hearing on the Motion to Suppress, the State presented no evidence.

CONCLUSION OF LAW

That all of the items seized were seized in violation of Article 18.01(d), T.C.C.P. and are therefore, inadmissible.

were clearly a practical method of seeking cigarette butts and ligatures.

In light of the current state of the record before this court, i.e., the admission of the two evidentiary search warrants in evidence and nothing else,[5] the crucial issue in resolution of this case is which party had the burden to prove whether or not the items seized were obtained in violation of the Fourth Amendment, the Texas Constitution and other statutory provisions.

## II. STANDARD OF REVIEW

The trial judge is the sole and exclusive trier of facts at a hearing on a motion to suppress. *Romero v. State*, 800 S.W.2d 539 (Tex.Crim.App.1990); *Cannon v. State*, 691 S.W.2d 664 (Tex.Crim.App.1985), *cert. denied*, 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986); *Hawkins v. State*, 628 S.W.2d 71 (Tex.Crim.App.1982); *Green v. State*, 615 S.W.2d 700 (Tex.Crim.App.), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981).

■ On appeal, a reviewing court does not engage in its own factual review but decides whether the trial judge's fact findings are supported by the record. If the findings of fact which were entered by the 171st District Court in the instant case are supported by the record, this Court is not at liberty to disturb them, and on review, we address only the question of whether the trial court improperly applied the law to the facts. *Romero v. State*, 800 S.W.2d at 543; *Self v. State*, 709 S.W.2d 662 (Tex.Crim.App.1986); *Johnson v. State*, 698 S.W.2d 154, 159 (Tex.Crim.App.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). Furthermore, we must consider the totality of the circumstances in determining whether the trial court's findings are supported by the record, and the findings will not be disturbed absent a clear abuse of discretion. *Dancy v. State*, 728 S.W.2d 772, 777 (Tex.Crim.App.), *cert.*

*denied*, 484 U.S. 975, 108 S.Ct. 485, 98 L.Ed.2d 484 (1987).

■ If the trial judge's decision is correct on any theory of law applicable to the case however, it will be sustained. *Romero v. State*, 800 S.W.2d at 543; *Spann v. State*, 448 S.W.2d 128 (Tex.Crim.App.1969); *Moreno v. State*, 170 Tex.Crim. 410, 341 S.W.2d 455 (1960); *Calloway v. State*, 743 S.W.2d 645 (Tex.Crim.App.1988). This principle holds true even though the trial judge gives the wrong reason for his decision, *Salas v. State*, 629 S.W.2d 796 (Tex. App.—Houston [14th Dist.] 1981, no pet.), and is especially true with regard to the admission of evidence. *Romero*, 800 S.W.2d at 543; *Dugard v. State*, 688 S.W.2d 524 (Tex.Crim.App.1985). In the instant case, the trial court did not specify under which theory he found the evidence inadmissible.

## III. THE BURDEN OF PROOF APPLICABLE IN MOTIONS TO SUPPRESS PHYSICAL EVIDENCE

■ When a defendant seeks to suppress evidence on the basis of a Fourth Amendment violation, the Court of Criminal Appeals has placed the burden of proof initially upon the defendant. *Russell v. State*, 717 S.W.2d 7 (Tex.Crim.App.1986); *Mattei v. State*, 455 S.W.2d 761, 765–66 (Tex.Crim.App.1970). As the movant in a motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State. *Russell v. State*, 717 S.W.2d at 9; *Mattei v. State*, 455 S.W.2d at 765–66, relying upon *United States v. Thompson*, 421 F.2d 373, 377 (5th Cir.1970) and *Rogers v. United States*, 330 F.2d 535 (5th Cir.), *cert. denied*, 379 U.S. 916, 85 S.Ct. 265, 13 L.Ed.2d 186 (1964). Cf. *United States v. Bachner*, 706 F.2d 1121, 1125–26 (11th Cir. 1983). A defendant meets his initial burden of proof by establishing that a search or seizure occurred without a warrant.

---

**5.** We have reviewed the entire record and find that as to Defendant's Motion to Suppress, that the State did not seek to introduce any evidence, either documentary or testimonial. Further, we find nothing in the record to indicate that the

State was in any manner prevented from presenting such evidence. The only evidence offered and admitted by the trial court were the two evidentiary search warrants in question. The warrants were offered by the Defendant.

*Mattei*, 455 S.W.2d at 765–66, quoting *Rogers v. United States*, 330 F.2d at 542.

In the instant case, the Defendant, and not the State, established the existence of a search and seizure. The Defendant, in its introduction of the two evidentiary search warrants in evidence, established that none of the items seized, in particular the fiber evidence, were sought by the evidentiary search warrants. Consequently, all the items seized were, in effect, seized without a valid warrant. As noted, the State concedes that all the evidence seized should be excluded, save and except the three plastic baggies with vacuumed samples from the Defendant's vehicle.[6]

■ Once a defendant has established (1) that a search or seizure occurred and (2) that no warrant was obtained, the burden of proof shifts to the State. *Russell v. State*, 717 S.W.2d at 9. We find that by the introduction of the two evidentiary search warrants, each of which on its face reveals the seizure of items not specified in the evidentiary search warrants, that the Defendant met its initial burden. The burden of proof then shifted to the State to produce evidence of a warrant to support the seizure of the three plastic baggies. The State failed to produce a warrant to support such a seizure. Had the State produced evidence of a warrant to support the seizure of the three plastic baggies, the burden of proof would have shifted back to the defendant to show the invalidity of any such warrant. *Rumsey v. State*, 675 S.W.2d 517, 520 (Tex.Crim.App.1984), quoting *United States v. Thompson*, 421 F.2d at 377. See *Collidge v. New Hampshire*, 403 U.S. 443, 455, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564 (1971); *Williams v. United States*, 382 F.2d 48, 50 (5th Cir.1967). Insofar as the State failed to produce evidence of a warrant for the seizure of the three plastic baggies, it was incumbent upon the State to prove the reasonableness of the search or seizure. *Lalande v. State*, 676 S.W.2d 115, 116 (Tex.Crim.App.1984); *Hooper v. State*, 533 S.W.2d 762, 767 (Tex.Crim.App.1976) (opinion on rehearing);

*Washington v. State*, 518 S.W.2d 240, 242 (Tex.Crim.App.1975). As noted above, the State for the first time on appeal, maintains that the vacuumings were clearly a practical method of seeking cigarette butts and ligatures; yet, the State failed to produce evidence that the items were properly seized pursuant to one of the many exceptions to the warrant requirement, or in the alternative, evidence as to the reasonableness of the search and seizure of the three plastic baggies or the contents thereof.

We find that the State, by its failure to introduce any evidence, failed to meet its burden of proof at the hearing on the Defendant's Motion to Suppress Evidence that the three plastic baggies were *not* obtained in violation of the Fourth Amendment, the Texas Constitution and other statutory provisions. We find that the 171st Judicial District Court did not abuse its discretion in making the findings of fact entered in the instant case, given the failure of the State to produce any evidence at said hearing. We further find that the 171st Judicial District Court correctly applied the established law to the facts in the instant case, given the fact that the only evidence introduced were the evidentiary search warrants. Accordingly, we affirm the ruling of the trial court.

---

6. We have carefully reviewed the record and find that the State failed to produce any evidence as to what was found in the three plastic baggies which contained vacuumed samples.