**William Oliver EDWARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08-92-00150-CR.**

Court of Appeals of Texas,
El Paso.

March 10, 1993.

John Tatum, Dallas, for appellant.

John Vance, Crim. Dist. Atty., Dallas, for appellee.

Before KOEHLER, BARAJAS and LARSEN, JJ.

BARAJAS, Justice.

## OPINION

This is an appeal from a judgment of conviction for the felony offense of possession of a controlled substance, i.e., cocaine, enhanced by two prior felony convictions. Appellant waived trial by jury and entered a plea of guilty pursuant to a plea agreement. Upon conviction, the trial court found both prior felony convictions to be true and assessed punishment in the Institutional Division of the Texas Department of Criminal Justice for a term of 25 years. In two points of error, Appellant challenges the judgment of conviction. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

The record below shows that at a hearing on Appellant's Motion to Suppress Evidence, the State called William Patrick Morgan, an officer with the Dallas Police Department. Officer Morgan stated that on September 27, 1991, he was on patrol when he responded to a report of several black males in the middle of a residential street, shooting guns and running in and out of a residence later identified as 1409 Iowa. Officer Morgan stated that as he and his partner, Officer Leslie Miller, approached the residence at 1409 Iowa, there was a black male on the front porch. The black male was advised that they wished to

talk to him at which time the male turned around and ran into the residence. Officer Morgan testified that he pursued Appellant through a front door and a screen door, both of which were open. He saw Appellant run through the dining room and ultimately into the bathroom, crawling underneath an elevated bathtub. Immediately prior to crawling underneath the bathtub, Appellant was seen dropping a blue ziploc baggie with contents which later were identified as being crack cocaine. Officer Morgan further testified that his partner was approximately four or five feet behind him and detected that Appellant had a gun. Appellant was pulled out from under the bathtub by his ankles at which time Appellant dropped another baggie which likewise tested positive for cocaine. The record further shows that Appellant, while being booked into the county jail, spit out four more baggies, the contents of each testing positive for cocaine.

The State called Katy Beatrice Peoples, the owner of the residence located at 1409 Iowa, who testified that the residence was leased to an Annette Jones. Peoples testified that while she had previously seen Appellant in the neighborhood, she did not know him.

▇▇▇ Appellant testified on his own behalf at the hearing on his motion to suppress evidence. Appellant testified that he had occasion to go to the residence at 1409 Iowa with an uncle who had a key to the house. The key was used to gain entry.

Appellant stated that he believed that his uncle had permission to be in the house since he had a key, and further, believed that his uncle had authority to allow him to use the house.[1] Appellant's testimony departs radically from that of the law enforcement officers in that Appellant contends that he was not outside on the porch when the officers approached him, but rather, that he was in the residence walking from the kitchen when the officers suddenly came in. Appellant further testified that he ran to the bathroom out of fear. Appellant additionally stated that he did not know Annette Jones, the lessee of the residence at 1409 Iowa and that he had never been at the residence prior to that night.[2] Appellant further stated that he had been previously convicted of possession of a controlled substance in both 1989 and 1990. Appellant's motion to suppress evidence was denied by the trial court.[3] No findings of fact and conclusions of law were requested or filed.

## II. DISCUSSION

### A. MOTION TO SUPPRESS

In Point of Error No. One, Appellant first alleges that the trial court erred in overruling his motion to suppress evidence. Specifically, Appellant contends that there was no evidence of probable cause to effect a warrantless search of the residence

---

1. Appellant testified that he was going to spend the night at the residence.

2. Appellant testified that his uncle was leaving town and thus had invited him to watch the house. Appellant further stated that he did not have a key to the house, as his uncle had taken it with him.

3. The record in the instant case fails to contain either Appellant's motion to suppress evidence or the trial court's order denying Appellant's motion to suppress.
   In our jurisdiction, the record on appeal shall consist of a transcript and, where necessary to the appeal, a statement of facts. Tex.R.App.P. 50(a). Specifically, unless otherwise designated by the parties in accordance with Rule 50, the transcript on appeal, in criminal cases, shall include copies of the indictment or information, and motions of the defendant which were pre-

sented to the court and overruled, as well as the court's judgment or other order on which the appeal is based. See Tex.R.App.P. 51(a). The burden is on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal. Tex.R.App.P. 50(d); *State v. Pierce*, 816 S.W.2d 824, 831 (Tex.App.—Austin 1991, no pet.); *Burns v. State*, 761 S.W.2d 486 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Alvarado v. State*, 709 S.W.2d 339 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd).
   It is presumed on appeal that all rulings of the trial court are correct. *Hardin v. State*, 471 S.W.2d 60, 63 (Tex.Crim.App.1971), and any omission in the record supports the trial court's judgment or order. *Haynes v. McIntosh*, 776 S.W.2d 784, 785–86 (Tex.App.—Corpus Christi 1989, writ denied).

which he went into and in which he was later arrested.[4]

### 1. Burden of Proof

In a hearing on a motion to suppress evidence, the burden of proof is initially upon the defendant when the defendant seeks to suppress evidence on the basis of a Fourth Amendment violation. *Russell v. State*, 717 S.W.2d 7 (Tex.Crim. App.1986); *Mattei v. State*, 455 S.W.2d 761, 765–66 (Tex.Crim.App.1970); *see also State v. Wood*, 828 S.W.2d 471, 474 (Tex. App.—El Paso 1992, no pet.) and *State v. Hopper*, 842 S.W.2d 817, 822 (Tex.App.—El Paso 1992, no pet.). It is a well-recognized principle of criminal jurisprudence that there is a presumption of proper police conduct. In that regard, in order to defeat that presumption of such proper conduct, the defendant has the initial burden of producing evidence to establish (1) that a search or seizure occurred; (2) that such search or seizure occurred without a warrant; and (3) that his own Fourth Amendment rights were violated by the challenged search or seizure.[5] *See Simmons v. United States*, 390 U.S. 377, 389–90, 88 S.Ct. 967, 973–74, 19 L.Ed.2d 1247 (1968); *Jones v. United States*, 362 U.S. 257, 261, 80 S.Ct. 725, 731, 4 L.Ed.2d 697 (1960).

Once a defendant has met his burden of production which establishes the above, the burden then shifts to the State to establish one of the following:

(1) That the search or seizure was pursuant to a warrant which is valid on its face, in which case the State must produce both the warrant and the supporting affidavit for inspection of the trial court for determination of its sufficiency. See *Russell*, 717 S.W.2d at 10, citing

*Rumsey v. State*, 675 S.W.2d 517 (Tex. Crim.App.1984), *overruled in part in Miller v. State*, 736 S.W.2d 643 (Tex. Crim.App.1987). If the State produces a warrant that is valid on its face, the burden of proof shifts back to the defendant to establish the invalidity of any such warrant by a preponderance of the evidence. *Rumsey v. State*, 675 S.W.2d at 520; *State v. Wood*, 828 S.W.2d at 475; *State v. Hopper*, 842 S.W.2d at 822. (2) If the search or arrest was effected without a warrant, or if the State is unable to otherwise produce a warrant, the State must prove the reasonableness of the search or seizure by a preponderance of the evidence. *Russell v. State*, 717 S.W.2d at 10, citing *Lalande v. State*, 676 S.W.2d 115 (Tex.Crim.App. 1984); *State v. Wood*, 828 S.W.2d at 475; *State v. Hopper*, 842 S.W.2d at 822.

Since the evidence clearly established the absence of a warrant, the burden rested upon the State to prove the existence of a valid exception to the warrant requirement, provided Appellant possesses the requisite "standing" to complain of an allegedly improper governmental act.[6] Accordingly, the initial issue to be resolved, and the issue on which Appellant's Fourth Amendment claim is based, is whether Appellant has demonstrated a reasonable expectation of privacy in the residence located at 1409 Iowa. *See United States v. Jacobsen*, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984); and *Chapa v. State*, 729 S.W.2d 723 (Tex.Crim.App.1987). We find that he has not.

### 2. Standard of Review

On a motion to suppress evidence, the trial judge is the sole and exclusive

---

**4.** It is undisputed that the search of the residence at 1409 Iowa, as well as the ultimate arrest of Appellant, was effected without the benefit of a warrant.

**5.** Although not pertinent to the instant case, if the search is allegedly consensual in nature, the State must establish by clear and convincing evidence that the defendant's consent was freely and voluntarily given. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Bumper v. North Carolina*, 391 U.S.

543, 549–50, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797 (1968); *Dickey v. State*, 716 S.W.2d 499 (Tex. Crim.App.1986).

**6.** While standing is not a precondition to testing the validity of a search or seizure, a defendant contesting such police action should include allegations of standing in their motions to suppress. *Calloway v. State*, 743 S.W.2d 645, 647 n. 1 (Tex.Crim.App.1988); *cf. Cannon v. State*, 807 S.W.2d 631 (Tex.App.—Houston [14th Dist.] 1991, no pet.).

trier of fact and judge of credibility of witnesses including the weight to be given their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Cannon v. State*, 691 S.W.2d 664 (Tex.Crim. App.1985), *cert. denied*, 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986); *State v. Wood*, 828 S.W.2d 471, 474 (Tex.App.—El Paso 1992, no pet.); *Subia v. State*, 836 S.W.2d 711 (Tex.App.—El Paso 1992, no pet.); *State v. Hopper*, 842 S.W.2d at 819. In that regard, the trial court was free to believe or disbelieve the testimony of each of the State's witnesses as well as the testimony of Appellant. The appellate court does not engage in its own factual review but decides whether or not the trial judge's findings of fact are supported by the record. If the findings are supported by the record, we are not at liberty to disturb them. Thus, on review, this Court will only address the question of whether the trial court improperly applied the law to the facts. *Romero v. State*, 800 S.W.2d at 543; *Subia v. State*, 836 S.W.2d at 713; *State v. Hopper*, 842 S.W.2d at 819. Should the trial judge's determination be correct on any theory of law applicable to the case, it will be sustained. *Romero*, 800 S.W.2d at 543.

As previously noted, the record in the instant case shows that Appellant asserted through his testimony that he arrived at the residence located at 1409 Iowa in the company of his uncle, Harold Johnson, and two ladies.[7] He stated the house was locked when they arrived and his uncle had a key. He further stated that after approximately five minutes, his uncle "disappeared."[8] Appellant's testimony established he lived approximately one, two or three blocks from the residence at 1409 Iowa, that he did not know who owned the house nor who rented the house. He had never met Ms. Peoples, the owner of the residence or Annette Jones, the lessee.

Moreover, the record shows that the lessee was an Annette Jones who was paying rent on the premises. Appellant described the existence of limited furnishing in the residence, including the presence of some clothes in a bedroom closet. He did not know whose clothes they were. Finally, he stated that he had never been in the house and that he was going to stay there until his uncle returned.[9]

Fourth Amendment rights are personal rights that may not be vicariously asserted. *Cannon v. State*, 807 S.W.2d 631, 633 (Tex.App.—Houston [14th Dist.] 1991, no pet.) *citing Brown v. United States*, 411 U.S. 223, 230, 93 S.Ct. 1565, 1570, 36 L.Ed.2d 208 (1973). A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. *Id., citing Rakas v. Illinois*, 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978); *Alderman v. United States*, 394 U.S. 165, 174, 89 S.Ct. 961, 967, 22 L.Ed.2d 176 (1969).

Having carefully examined the record in the above light, we find that the trial court did properly apply the law to the facts. Appellant in the instant case carried the burden of proving that his own Fourth Amendment rights were violated. Appellant has failed to present evidence to establish his proprietary or possessory interest in the residence at 1409 Iowa which was leased to Ms. Annette Jones. Consequently, we find that the trial court was correct in denying Appellant's motion to suppress on the basis of lack of necessary standing and we overrule Appellant's Point of Error No. One.

### B. VOLUNTARINESS OF PLEA OF GUILTY

In Point of Error No. Two, Appellant asserts his plea of guilty was involun-

---

**7.** The record indicates that the two young "ladies" which were in the company of Appellant were in fact prostitutes.

**8.** Appellant stated that his uncle disappeared with the key, consequently, he didn't have a key to the residence. No key was produced at the hearing on Appellant's motion to suppress nor

were his uncle or the two "ladies" called to testify.

**9.** Appellant testified that his uncle was going out of town and did not know when his uncle would return.

tary due to the failure of the trial court to grant his motion to suppress evidence. Specifically, Appellant contends that his plea of guilty, entered pursuant to a plea agreement, was conditioned on the ability to appeal the motion to suppress.

Appellant was admonished in writing in accordance with Tex.Code Crim.Pro.Ann. art. 26.13 (Vernon 1989). Inherent in those admonishments is the requirement that if the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial. Tex.Code Crim.Pro. Ann. art. 26.13(a)(3) (Vernon 1989).

We have carefully reviewed the entire record in the instant case, and find that it is devoid of any reference to a conditional plea. To the contrary, the documents pertaining to the plea do not reflect a plea conditioned on the right to appeal. Moreover, the record reflects that at the conclusion of the hearing on Appellant's motion to suppress evidence, the trial court, in recognition of Appellant's right to appeal the denial of pretrial motions pursuant to Tex.R.App.P. 40(b)(1), stated the following:

> If a plea bargain, though, is effectuated, the Court will grant the defense the right to appeal the search and seizure ruling by the Court.

Appellant has failed to establish that his right to appeal the instant case was contingent on any plea agreement with the State and the record fails to indicate that any such agreement existed. Consequently, Appellant, having prosecuted this appeal, has failed to show that his plea of guilty was involuntary and his second point of error is overruled.

Having overruled Points of Error Nos. One and Two, the judgment of the trial court is affirmed.