Armando Reyes CHAVARRIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–93–00063–CR.

Court of Appeals of Texas,
El Paso.

Jan. 12, 1994.

Rehearing Overruled Feb. 9, 1994.

Joe E. Boaz, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for State/appellee.

Before KOEHLER, BARAJAS and LARSEN, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a conviction for the offense of possession of marijuana in an amount in excess of 50 pounds. Trial was to the court upon a plea of guilty. Upon conviction, the trial court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of eight years, probated. In two points of error, Appellant asserts that the trial court erred in overruling his motion to suppress evidence. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

The record shows that Jesus Placencia, an officer with the United States Immigration and Naturalization Service, testified that in November of 1991 he received a telephone call from an unidentified woman concerning the alleged trafficking of marijuana by an individual later identified as Appellant. The woman advised Officer Placencia that Appellant, driving a charcoal grey Ford Taurus, with temporary license tags belonging to Hills Auto Sales, would be crossing the Port of Entry. The following day, the same woman called Officer Placencia and advised him that the vehicle, destined for Wichita Falls, Texas, had made it across the border with 200 pounds of marijuana hidden in a compartment behind the seat. Appellant had been arrested by a Special Agent of the Immigration and Naturalization Service in Wichita Falls for possession of marijuana. Subsequently, in January of 1992, Officer Placencia received a phone call from the same unidentified woman concerning yet another attempt to cross marijuana into the United States. The vehicle would be driven

by a male subject later identified as Appellant.[1] The woman advised Officer Placencia that Appellant would be crossing the border during the night driving a brown Mercury Marquis with the marijuana stored in a compartment in the trunk. She further stated that Appellant would be taking the marijuana to a specific address on Camino de Tierra Street in El Paso. The following day, the same woman telephoned Officer Placencia and advised him that Appellant had made it across the border and that the vehicle was parked at the Camino de Tierra address with another vehicle and a Suburban. She advised him that the marijuana was stored in a hole dug in the ground next to the carport located at the above address. In addition, the unidentified female gave Officer Placencia the telephone number for the residence where the marijuana was buried. Officer Placencia testified that all the above information was forwarded to Edward Frausto, a Special Agent with the Immigration and Naturalization Service. Special Agent Frausto testified as to the specificity of the details given to him by Officer Placencia, including the exact address, description of the cars to be found on the premises and the underground storage hole near the carport. He then testified that after locating the residence at Camino de Tierra, the premises appeared as Officer Placencia had described.

Agent Frausto further testified that on January 28, 1992, he and his partner, Special Agent Manny Figueroa, conducted surveillance of the above residence from a vantage point approximately a third of a mile from the house. While watching the house, Agent Frausto testified that he made a phone call to the house with his cellular phone and requested to speak with Appellant, Armando Chavarria. When the male voice came on the phone, Agent Frausto addressed him by name, i.e., "Armando," and told him, "The police are going to be going over to the house

to execute a search warrant for the merchandise that you have."[2] The male voice then thanked him and hung up. A minute later, Appellant was seen exiting the house in a hurried manner, still dressing, and began digging in the ground near the carport. Appellant was seen taking an unidentifiable article out of the ground and placing it in the pickup. Appellant then quickly drove the pickup off the premises onto a dirt road headed toward where the agents were situated. At that point, the agents became concerned with Appellant's possible attempt to hide or destroy evidence and therefore followed him and stopped him. Agent Frausto stated that they had reason to believe that Appellant had marijuana in the pickup and that he was going to a location where he would dispose or hide it. Agent Frausto further stated the sole reason for stopping Appellant's vehicle at this point was to "check what he had in the back of the pickup."

Once stopped, Appellant was asked to get out of the vehicle, and effectively was put in custody. Appellant said, "Take it easy, you have me." Detective Figueroa asked Appellant, "Where is it?" to which Appellant, gesturing to the bed of the pickup truck replied, "It's in the back." Agent Frausto testified that Detective Figueroa spoke to Appellant about searching the vehicle to which Appellant consented.[3] A written consent form was produced and translated for Appellant's benefit by Agent Frausto. Appellant was read his *Miranda*[4] rights and asked to sign the consent form that authorized the search of the pickup truck that he was driving, the brown Mercury Marquis, the Suburban located at 15455 Camino de Tierra, and the residence itself. The evidence shows that the consent to search form was executed prior to the officers searching the vehicles at the residence as well as the residence itself. The written consent to search further asserts that

---

1. The unidentified woman gave Officer Placencia the complete name of Appellant as well as his exact date of birth. The information was verified through the United States Customs computer system.

2. The evidence shows that the telephone call was made to Appellant's residence for the purpose of "flushing" him out.

3. Agents did not advise Appellant that he had the right not to give consent.

4. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Appellant was not threatened, nor forced in any way and that the consent to search was freely given. Search of the covered portion of Appellant's pickup truck revealed the existence of scales and several large bundles. The large bundles later proved to be approximately 50 pounds of marijuana.

## II. *DISCUSSION*

In two points of error, Appellant contends that the trial court erred in overruling his motion to suppress evidence that was allegedly seized as a result of a warrantless search. Specifically, Appellant maintains that any consent to search was coerced or, in the alternative, that any such search was conducted after an illegal stop.

### A. Standard of Review

■ A trial court has broad discretion in determining the admissibility of the evidence, and this Court will not reverse unless a clear abuse of discretion is shown. *Allridge v. State*, 850 S.W.2d 471, 492 (Tex.Crim.App. 1991); *Williams v. State*, 535 S.W.2d 637 (Tex.Crim.App.1976). The trial judge is the sole fact finder at a hearing on a motion to suppress evidence obtained in a search, and thus judges the witness's credibility and the weight of their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Cannon v. State*, 691 S.W.2d 664 (Tex.Crim. App.1985), *cert. denied*, 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986); *Hawkins v. State*, 628 S.W.2d 71 (Tex.Crim.App.1982); *Green v. State*, 615 S.W.2d 700 (Tex.Crim. App.1980), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981). In that regard, the trial court may choose to believe or disbelieve any or all of a witness's testimony. *Clark v. State*, 548 S.W.2d 888, 889 (Tex.Crim.App.1977).

■ On appeal, this Court will consider the totality of the circumstances in determining whether the trial court's findings, either expressed or implied, are supported by the record, and the findings will not be disturbed absent a clear abuse of discretion. *Dancy v. State*, 728 S.W.2d 772, 777 (Tex.Crim.App.), *cert. denied*, 484 U.S. 975, 108 S.Ct. 485, 98 L.Ed.2d 484 (1987). If the findings of fact are supported by the record, this Court is not at liberty to disturb them and, on review, we address only the question of whether the trial court improperly applied the law to the facts. *Romero v. State*, 800 S.W.2d at 543; *Self v. State*, 709 S.W.2d 662 (Tex.Crim.App. 1986); *Johnson v. State*, 698 S.W.2d 154, 159 (Tex.Crim.App.1985), *cert. denied*, 479 U.S. 870, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986).

### B. Burden of Proof Applicable in Motion to Suppress Physical Evidence

■ When a defendant seeks to suppress evidence on the basis of a Fourth Amendment violation, the burden of proof is initially on the defendant. *Russell v. State*, 717 S.W.2d 7, 9 (Tex.Crim.App.1986); *Mattei v. State*, 455 S.W.2d 761, 765–66 (Tex.Crim. App.1970); *see also State v. Wood*, 828 S.W.2d 471, 474 (Tex.App.—El Paso 1992, no pet.). As the movant in a motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State. *Russell v. State*, 717 S.W.2d at 9; *Mattei v. State*, 455 S.W.2d at 765–66, relying upon *United States v. Thompson*, 421 F.2d 373, 377 (5th Cir.1970) and *Rogers v. United States*, 330 F.2d 535 (5th Cir.), *cert. denied*, 379 U.S. 916, 85 S.Ct. 265, 13 L.Ed.2d 186 (1964). In order to defeat that presumption of such proper conduct, the defendant has the initial burden of producing evidence to establish the following:

(1) that a search or seizure occurred; and

(2) that the search or seizure occurred without a warrant or without valid consent.

■ Once the defendant has met his burden of production, then the burden shifts to the State to establish one of the following:

(1) that the search or seizure was pursuant to a warrant which is valid on its face, in which case the State must produce both the warrant and the supporting affidavit for inspection of the trial court for determination of its sufficiency. *See Russell*, 717 S.W.2d at 10, *citing Rumsey v. State*, 675 S.W.2d 517 (Tex.Crim.App.1984), overruled in part in *Miller v. State*, 736 S.W.2d 643 (Tex.Crim.App.1987).

(2) if the search or arrest was effected without a warrant, or if the State is unable to otherwise produce a warrant, the State must prove the reasonableness of the search or seizure by a preponderance of the evidence. *See Russell,* 717 S.W.2d at 10, *citing Lalande v. State,* 676 S.W.2d 115 (Tex.Crim.App.1984); *Wood,* 828 S.W.2d at 471, 475.

(3) if the search is allegedly consensual in nature, the State must establish by clear and convincing evidence that the defendant's consent was freely and voluntarily given. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Dickey v. State,* 716 S.W.2d 499 (Tex.Crim.App.1986).

In the instant case, it is undisputed that a search was conducted and marijuana was seized. Thus, Appellant met his initial burden of producing evidence of the occurrence of a search and seizure. The burden of proof then shifted to the State to produce evidence of a warrant to support the seizure of the marijuana, or in the instant case, evidence of valid consent to search. *See Russell,* 717 S.W.2d at 10.

■■■ It is well settled that when the State relies on a consent to search, the burden of proof is on the prosecution to show by clear and convincing evidence that the consent was freely and voluntarily given. *Allridge v. State,* 850 S.W.2d 471, 493 (Tex.Crim.App.1991); *Johnson v. State,* 803 S.W.2d 272 (Tex.Crim.App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078; *Paulus v. State,* 633 S.W.2d 827, 850 (Tex.Crim.App.1981); *see also Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041. The question of whether a consent to search was "voluntary" is a question of fact to be determined from the totality of the circumstances. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041; *Juarez v. State,* 758 S.W.2d 772, 775 (Tex.Crim.App. 1988); *Meeks v. State,* 692 S.W.2d 504, 510 (Tex.Crim.App.1985). The prosecution must show the consent given was positive and unequivocal, and there must not be duress or coercion, actual or implied. *Paulus v. State,* 633 S.W.2d at 850. The burden is not discharged if the prosecution does not show

more than an acquiescence to a claim of lawful authority. *Id.* Consent must be voluntary and neither physically or psychologically coerced. *Juarez,* 758 S.W.2d at 772, 775. However, simply because a person is under arrest does not inherently preclude free and voluntary consent. *Id.; Meeks,* 692 S.W.2d at 504.

■■■ In the instant case, the State presented uncontradicted evidence that the *Miranda* warnings were given to Appellant before he signed a consent to search. The contents of the consent to search form were translated from English into Appellant's native tongue, i.e., Spanish, read and signed. The State produced "State's Exhibit 1," the consent to search form, which affirmatively states that Appellant was not coerced or otherwise threatened to give the request consent and, further, that Appellant's consent was freely given.

At the hearing on his motions to suppress evidence, Appellant elected **not** to present any evidence. We find that Appellant, by his failure to introduce any evidence, failed to contradict the State's case that the marijuana was seized pursuant to a valid consent to search. We find that the trial court did not abuse its discretion in denying Appellant's motion to suppress evidence, given the failure of Appellant to produce **any** evidence at said hearing that any such consent was coerced, unknowing, or otherwise involuntary. Thus, we find sufficient evidence in the record to support the trial court's implied decision that Appellant was not coerced or threatened into giving his consent. Accordingly, Appellant's Point of Error No. One is overruled.

■■■ In Point of Error No. Two, Appellant contends that the trial court erred by denying his motion to suppress evidence which should have otherwise been suppressed as fruits of the poisonous tree. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Specifically, Appellant asserts that Special Agent Frausto's telephone call to Appellant's residence,

made for the purpose of "flushing" him out, constituted illegal police activity.[5]

While Appellant was immediately and directly influenced by Special Agent Frausto's claim that law enforcement officials were about to descend upon his home and family, Appellant has cited no authority in support of his claim of illegality. No deception was used to gain entry or access to property over which Appellant enjoyed Fourth Amendment protections. No ruse or subterfuge was utilized to permit law enforcement officers to make a visual inspection of any property otherwise protected by constitutional safeguards. The actions of the law enforcement officers were not intrusive in nature. Appellant's Point of Error No. Two is overruled.

Having overruled Appellant's Points of Error Nos. One and Two, the judgment of the trial court is affirmed.

LARSEN, Justice, concurring.

I agree with the majority that a valid consent to search occurred, and therefore the trial court properly refused to suppress the contraband here. I write, however, to emphasize that our decision does not rest upon the State's argument that exigent circumstances justified Appellant's arrest and search here.

To prove exigent circumstances justifying a warrantless arrest and search, the State must meet a three pronged test: (1) that the police had objectively reasonable grounds to believe that there was an immediate need for action to protect life or property; (2) that the police *were not primarily motivated by a desire to arrest a person or seize evidence;* and (3) that a reasonable basis, approximating probable cause, existed to associate the emergency with the area searched or person arrested. *Janicek v. State,* 634 S.W.2d 687, 691 (Tex.Crim.App.1982); *Foster v. State,* 767 S.W.2d 909, 913 (Tex.App.—Dallas 1989, pet. ref.). Here, the INS agents themselves created the exigent circumstance by alerting Appellant of his imminent arrest. Thus, the second prong of the exigent circumstance test failed as a matter of law. The situation

here, manufactured solely to evade the mandates of the Fourth Amendment, cannot justify a warrantless search or arrest. Nothing here prevented the agents from first obtaining a warrant, then doing what they felt was reasonably necessary to safely execute it.

Nevertheless, I believe the trial court's ruling is sustainable because Appellant voluntarily and knowingly consented to this search. I concur with the majority.

---

5. Appellant maintains that Special Agents Frausto and Figueroa violated the law in order to conduct the stop and search of Appellant in that the officers, as public servants, intentionally denied or impeded him in the exercise or enjoyment of his right to hold and occupy a dwelling.