**Howard Woodrow THIBAUT, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–89–183–CR.**

Court of Appeals of Texas, Eastland.

Dec. 14, 1989

**308**

Dan Lambright, Houston, for appellant.

1. This appeal was transferred from the 1st Court of Appeals to this Court. See TEX.GOV'T CODE ANN. sec. 73.001 (Vernon 1988).

2. The statutory definition of "public place" is:

John B. Holmes, Dist. Atty., Houston, for appellee.

## OPINION

McCLOUD, Chief Justice.

Appellant was convicted in a nonjury trial of the offense of driving while intoxicated. The court assessed his punishment at confinement in the Harris County Jail for 180 days, probated for two years, and a $350 fine. We affirm.[1]

In his first point of error, appellant contends that the evidence is insufficient to support the guilty finding by the trial court. Specifically, he argues that the State's evidence failed to establish that he operated a motor vehicle and that the incident occurred in a public place as defined in TEX.PENAL CODE ANN. sec. 1.07(a)(29) (Vernon 1974).[2] In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234 (Tex.Cr. App.1989); *Houston v. State*, 663 S.W.2d 455 (Tex.Cr.App.1984).

Appellant was arrested in the parking lot of a 128–unit condominium complex which was accessible to the public. Appellant owned and lived in one of the units in the complex. Section 1.07(a)(29) defines "public place" as any place where a substantial group of the public has access including, but not limited to, the common areas of apartment houses.

Clearly, the non-exclusive language of this statute indicates that it is broad enough to encompass the parking lot of a multi-unit condominium complex. A substantial group of the public had access to the parking lot of the 128–unit condominium complex. Moreover, due to the obvi-

[A]ny place to which the public or a substantial group of the public has access and *includes, but is not limited to,* streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities and shops. (Emphasis added)

309

ous similarities and apparent lack of distinctions between the common areas of multi-unit apartment houses and those of multi-unit condominiums, the legislature must have contemplated that the inclusion of one type of multi-unit complex should include the other.

The provisions of the Penal Code must be construed according to the fair import of their terms to promote justice and effect the objectives of the code. TEX.PENAL CODE ANN. sec. 1.05 (Vernon 1974 & Supp.1989). Hence, we construe public place to include the parking lot of a multi-unit condominium complex which is accessible to a substantial group of the public.

 Officers Rogers Worth McGrady and Ronald E. Walker testified that, on the morning of March 6, 1988, they observed appellant's vehicle in the parking area of the Sugar Hill Condominium complex. Appellant's car had collided with another parked car and was resting against it. The officers approached appellant's car and noticed the engine was running. They then tapped on the window, and appellant proceeded to drive the car in reverse. The officers asked appellant to stop the car. Appellant complied and got out of the car as requested. The officers observed appellant's behavior and concluded that he was intoxicated. Appellant was then arrested for driving while intoxicated.

In viewing the evidence most favorably to the judgment, we conclude that a rational fact finder could have found beyond a reasonable doubt that appellant, while intoxicated, operated a motor vehicle in a public place. The first point is overruled.

In his second point of error, appellant urges that the trial court erred in denying his motion to suppress. Appellant argues that the arrest was illegal and, hence, the fruits of the arrest were illegally obtained. We disagree.

 The record reflects that appellant, while intoxicated, operated his motor vehicle in the presence of police officers. Therefore, the officers were authorized to arrest appellant without a warrant. TEX. CODE CRIM.PRO.ANN. art. 14.01(a) (Vernon 1977); *Yates v. State*, 679 S.W.2d 534 (Tex.App.–Tyler 1984, pet'n ref'd). The trial court properly overruled appellant's motion to suppress. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.