**The STATE of Texas, Appellant,**

v.

**Edward Russell HOPPER, Appellee.**

**No. 08–92–00029–CR.**

Court of Appeals of Texas, El Paso.

Nov. 25, 1992.

---

818

Mark H. Dettman, County Atty., Midland, for appellant.

Christopher McCormack, Midland, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

KOEHLER, Justice.

In an interlocutory appeal by the State pursuant to Tex.Code Crim.Pro.Ann. art. 44.01(a)(5) (Vernon Supp.1992), a review is sought of the trial court's order suppressing any and all evidence obtained by law enforcement officers from the Appellee, Edward Russell Hopper, during a detention. We affirm.

In Point of Error No. One, the State argues the trial court applied an incorrect standard to determine the validity of the stop and erred in finding insufficient evidence to support the temporary detention of the Appellee. In Point of Error No. Two, the State argues the trial court incorrectly based its decision on the concept of a pretext stop. Appellee has not filed a brief in this cause.

### Factual Background

In the hearing on Appellee's motion to suppress held on April 15, 1991, the following evidence was derived. At approximately 2:45 a.m. on September 12, 1990, Midland Police Officer Victor Rivera was on patrol in his assigned district when he saw a car turn a nearby corner at excessive speed. As Rivera pursued the car, Rivera stated that the car continued to be driven at a high rate of speed; however, the record does not reflect any particular speed Rivera believed the subject vehicle to be travelling. The car was about five blocks in front of Rivera when he noticed it stop at an intersection and make a U-turn. After the car passed Rivera going in the opposite direction, Rivera turned and proceeded to stop it. After the stop, Rivera started to administer some unspecified sobriety tests on the driver, Edward Russell Hopper, Ap-

pellee, apparently in the belief that he was intoxicated. About that time, Rivera's back-up officer, Rene Flores, arrived and Rivera having recognized Appellee as the same person he had arrested on a driving while intoxicated charge on August 18, 1990, asked Flores to do the sobriety tests. According to Rivera, Flores conducted some (also unspecified) field sobriety tests and arrested Hopper for driving while intoxicated. No citations were issued nor did Rivera consider giving citations for any of the suggested traffic violations.

Appellee filed a motion to suppress any and all evidence stemming from the detention which he claimed was made without a warrant and without probable cause. Furthermore, Appellee alleged that the stop was pretextual and that as a result, the eventual arrest was also made without probable cause. After a considerable delay, the trial court on January 28, 1992, entered an order granting Appellee's motion to suppress. The State did not request, nor did the trial court file any findings of fact or conclusions of law. Thereafter, the State perfected this appeal.

### Standard of Review

■ The trial judge is the sole and exclusive trier of facts at a hearing on a motion to suppress. *Romero v. State,* 800 S.W.2d 539 (Tex.Crim.App.1990); *Cannon v. State,* 691 S.W.2d 664 (Tex.Crim.App. 1985), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986); *State v. Wood,* 828 S.W.2d 471, 474 (Tex.App.—El Paso 1992, no pet.). On appeal, where the trial court has made fact findings, a reviewing court does not engage in its own factual review but decides only whether the trial judge's fact findings are supported by the record. *Lucas v. State,* 791 S.W.2d 35, 47 (Tex.Crim.App.1989). Since the trial court did not make any findings of fact from which it could conclude that the evidence was inadmissible, we are constrained to review the entire record to ascertain whether there are any facts which lend support for any theory upon which the trial court's ruling can be sustained. If the facts are uncontroverted, as is true in this case, the sufficiency of the evidence to justify a temporary, warrantless detention or arrest is a question of law. *Cf. Nickerson v. State,* 645 S.W.2d 888, 890 (Tex.App.—Dallas), *aff'd,* 660 S.W.2d 825 (Tex.Crim.App.1983). We address only the question of whether the trial court improperly applied the law to the facts. *Romero v. State,* 800 S.W.2d at 543; *Self v. State,* 709 S.W.2d 662 (Tex. Crim.App.1986); *Johnson v. State,* 698 S.W.2d 154, 159 (Tex.Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986).

■ If the trial judge's decision is correct on any theory of law applicable to the case, it will be sustained. *Romero,* 800 S.W.2d at 543; *Spann v. State,* 448 S.W.2d 128 (Tex.Crim.App.1969); *Moreno v. State,* 170 Tex.Crim. 410, 341 S.W.2d 455 (1960); *Calloway v. State,* 743 S.W.2d 645 (Tex. Crim.App.1988). This principle holds true even though the trial judge gives the wrong reason for his decision, *Salas v. State,* 629 S.W.2d 796 (Tex.App.—Houston [14th Dist.] 1981, no pet.), and is especially true with regard to the admission of evidence. *Romero,* 800 S.W.2d at 543; *Dugard v. State,* 688 S.W.2d 524 (Tex.Crim. App.1985). In the instant case, the trial court did not specify the theory on which he found the evidence to be inadmissible; thus, we need not specifically address the State's second point of error if the ruling can be affirmed on any theory. Therefore, the two points of error will be addressed simultaneously.

### Burden of Proof

■ When a defendant seeks to suppress evidence on the basis of a Fourth Amendment violation, the Court of Criminal Appeals has placed the burden of proof initially upon the defendant. *Russell v. State,* 717 S.W.2d 7 (Tex.Crim.App.1986); *Mattei v. State,* 455 S.W.2d 761, 765–66 (Tex.Crim. App.1970). As the movant in a motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct and, therefore, shifts the burden of proof to the State. *Russell v. State,* 717 S.W.2d at 9. A defendant meets his initial burden of proof by

establishing that a search or seizure occurred without a warrant. *Mattei*, 455 S.W.2d at 765–66. *See also Wood*, 828 S.W.2d at 474–75. Once a defendant has established (1) that a search or seizure occurred and (2) that no warrant was obtained, the burden of proof shifts to the State to produce either evidence of a warrant or to prove the reasonableness of the search or seizure pursuant to one of the recognized exceptions to the warrant requirement. *See Wood*, 828 S.W.2d at 475.

### Analysis

■ Since the evidence clearly established the absence of a warrant, the burden rested upon the State to prove the existence of a valid exception to the warrant requirement. Initially, our attention is turned to the propriety of the stop of Appellee's car in regard to the alleged traffic violations. As an exception to the warrant requirement, circumstances short of probable cause may justify a temporary investigative detention. *See Baeza v. State*, 804 S.W.2d 612, 613 (Tex.App.—El Paso 1991, pet ref'd).[1] In order to justify such a stop, an officer must possess specific articulable facts which amount to more than a mere hunch or suspicion that, combined with his personal experience and knowledge and any logical inferences, create a reasonable suspicion that criminal activity is afoot. *See Garza v. State*, 771 S.W.2d 549, 558 (Tex.Crim.App.1989); *Hoag v. State*, 728 S.W.2d 375, 380 (Tex.Crim.App.1987); *Baeza*, 804 S.W.2d at 613. A brief investigative stop or detention to determine one's identity or to maintain the status quo momentarily to obtain more information may be reasonably dependent upon the totality of the circumstances known to the officer at the time. *See Livingston v. State*, 739 S.W.2d 311, 326 (Tex.Crim.App.1987), cert. denied, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *Dickey v. State*, 716 S.W.2d 499, 503–04 n. 4 (Tex.Crim.App. 1986). The State argues, and we agree, that these principles apply to traffic violations just as they do to other crimes. *Townsend v. State*, 813 S.W.2d 181, 185

(Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). *See also Drago v. State*, 553 S.W.2d 375, 377–78 (Tex.Crim.App.1977).

■ In the instant case, Rivera witnessed Hopper commit what he reasonably perceived to be three traffic violations. First, the potentially hazardous turn made at a high rate of speed evidenced by squealing tires; second, Hopper's continued driving at an excessive speed; and third, Rivera's belief that Hopper made an illegal U-turn. It is indeed reasonable to conclude "that one of the functions of patrol officers is to investigate what they reasonably perceive to be erratic or unsafe driving by motorists on public streets." *Townsend*, 813 S.W.2d at 185. As to the officer's authority to stop Hopper on less than probable cause, the trial court's suppression of the evidence, as a matter of law, is supportable only upon a finding that Rivera expressed no articulable facts to justify the detention. *State v. Como*, 821 S.W.2d 742, 744 (Tex.App.—Beaumont 1992, pet. ref'd). Upon the record before us, Rivera's testimony illustrated more than ample specific articulable facts coupled with his experience, knowledge and logical inferences to justify the initial stop with or without probable cause. *Townsend*, 813 S.W.2d at 185. Thus, the suppression of the evidence is insupportable on this theory.

■ The next theory upon which Hopper sought to suppress the evidence was on the ground the stop was allegedly pretextual as per *Black v. State*, 739 S.W.2d 240 (Tex. Crim.App.1987). In dismissing the "pretext arrest" doctrine as no longer viable as a matter of Fourth Amendment jurisprudence, the Court of Criminal Appeals disavowed reliance on the theory announced in *Black*. *Garcia v. State*, 827 S.W.2d 937, 940–44 (Tex.Crim.App.1992). In its stead, the Court held that upon the occurrence of an actual violation of the law, police officers are free to enforce the law violated and detain a person for the violation, regardless of the officer's subjective reasons for the detention. *Id.* at 944. *See also*

---

1. Citing *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) and *Terry v.*

*Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

*United States v. Zukas,* 843 F.2d 179, 181 (5th Cir.1988); *United States v. Causey,* 834 F.2d 1179, 1184 (5th Cir.1987) (en banc); *Miles v. State,* 802 S.W.2d 729, 732–33 (Tex.App.—Amarillo 1990, no pet.). From the instant record, Officer Rivera had the objective authority to detain Appellee as previously discussed; therefore, any subjective intentions for effecting the arrest are immaterial. *Garcia,* 827 S.W.2d at 942. Consequently, the trial court's suppression of the evidence cannot be supported on the theory, even if true, that Rivera stopped Appellee only to see if he was intoxicated.

■ The last ground upon which Appellee sought to suppress the evidence of the alleged DWI was that the eventual arrest was without a warrant and without probable cause. As noted above, the initial stop was a valid exercise of the inherent discretion afforded law enforcement officers to investigate erratic and unsafe drivers.[2] *See Townsend,* 813 S.W.2d at 185. *See also Garcia,* 827 S.W.2d at 942–43 n. 7. Thus, any evidence lawfully derived pursuant to the stop is admissible. At the hearing, neither Appellee nor the State questioned the officers regarding any specific facts to support the arrest for Appellee's alleged intoxication. It is the State's burden, both at a motion to suppress or at trial, to establish probable cause to arrest without a warrant for an offense committed within view pursuant to Tex.Code Crim. Pro.Ann. art. 14.01 (Vernon 1977). *Troncosa v. State,* 670 S.W.2d 671, 676 (Tex. App.—San Antonio 1984, no pet.); *Gonzales v. State,* 638 S.W.2d 41, 44–45 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd). *See also Wood,* 828 S.W.2d at 474–75.

■ The record merely shows that after stopping Appellee, Rivera believed Appellee was intoxicated, and he asked Officer Flores to conduct a further investigation. According to Rivera, Appellee was arrested for DWI after Flores had him perform some field sobriety tests. Other than the implied conclusion that Appellee

failed the tests, there is nothing specific in the record which provides any basis upon which the trial court could reasonably determine that the officers had probable cause to effect the arrest, i.e., facts or circumstances within their knowledge to warrant a prudent man in believing the person arrested had committed or was committing the offense of DWI. *See generally, Townsend,* 813 S.W.2d at 185; *Thibaut v. State,* 782 S.W.2d 307, 309 (Tex.App.— Eastland 1989, no pet.) (observed behavior such as glassy eyes, strong odor of alcoholic intoxicants, swayed balance or slurred speech). As the sole trier of the facts at a hearing on a motion to suppress, the trial judge had the exclusive power to weigh both the quality and quantity of the evidence presented. *See Wood,* 828 S.W.2d at 474. Due to the absence of any testimony as to the specific facts and circumstances which warranted the officers to prudently believe that Appellee was intoxicated, we are unable to conclude the trial judge's decision to suppress the evidence was outside the zone of reasonable disagreement. Accordingly, no abuse of discretion is shown, and the trial court did not err.

Having concluded the trial court's suppression of evidence is supportable on the theory that no probable cause was shown to legally elevate the valid initial stop into a custodial arrest, Points of Error Nos. One and Two are overruled. Judgment of the trial court is affirmed.

BARAJAS, Justice, concurring.

I wholly concur with the majority's holding that the State failed to present evidence as to the specific facts and circumstances to justify Appellee's arrest. The decision to write separately, however, in no way reflects disagreement with the reasoning inherent in the opinion of the majority. Instead, my concurrence results only from a desire to once again set forth the procedural requirements necessary in addressing alleged Fourth Amendment violations.

---

**2.** The record illustrates Hopper falls into this category in that Flores testified four outstanding arrest warrants for prior traffic violations were also executed on Hopper at the time he was booked into jail for driving while intoxicated.

Review of the record in the instant case reflects that at the hearing on Defendant's Motion to Suppress Evidence, the following discussion took place:

[The Defense]: Your Honor, it's our motion to suppress. I think in each case, Your Honor, it's my understanding that we—we probably agree that Mr. Hopper was arrested on a warrantless basis. I don't mind proceeding however the State wishes to do it.

[The Court]: Ordinarily, the State proceeds on these.

[The State]: Well, Judge, I think that—

[The Court]: Since there is no warrant— I mean, he says there is no warrant. I don't know whether—

[The Defense]: Judge, I can call—I mean, whatever the State wants to do.

[The State]: I think that since it's his motion, Judge—

[The Court]: You'd like for him to call the witness?

[The Defense]: We would invoke the Rule, then, Your Honor.

The Defense then called its first witness, Sergeant Victor Rivera, the arresting officer, as an "adverse party."

Once again it becomes apparent that unnecessary confusion lies in who has the burden in establishing the legality or illegality of a police conduct with respect to searches and seizures.

As the majority opinion has so clearly pointed out, the burden of proof is initially upon the defendant when the defendant seeks to suppress evidence on the basis of a Fourth Amendment violation. *Russell v. State,* 717 S.W.2d 7 (Tex.Crim.App.1986); *Mattei v. State,* 455 S.W.2d 761, 765–66 (Tex.Crim.App.1970); *see also State v. Wood,* 828 S.W.2d 471, 474 (Tex.App.—El Paso 1992, no pet.). While standing is not a precondition to testing the validity of a search or seizure, a defendant contesting such police action should include allegations of standing in their motions to suppress. *Calloway v. State,* 743 S.W.2d 645, 647 n. 1 (Tex.Crim.App.1988); cf. *Cannon v. State,* 807 S.W.2d 631 (Tex.App.—Houston [14th Dist.] 1991, no pet.). It is a well-recognized principle of criminal jurisprudence that there is a presumption of proper police conduct. In that regard, in order to defeat that presumption of such proper conduct, the defendant has the initial burden of producing evidence to establish the following:

(1) that a search or seizure occurred; and

(2) that such search or seizure occurred without a warrant or valid consent.

Once a defendant has met his burden of production which establishes the above, the burden then shifts to the State to establish one of the following:

(1) that the search or seizure was pursuant to a warrant which is valid on its face, in which case the State must produce both the warrant and the supporting affidavit for inspection of the trial court for determination of its sufficiency. *See Russell,* 717 S.W.2d at 10, *citing Rumsey v. State,* 675 S.W.2d 517 (Tex. Crim.App.1984), *overruled in part* in *Miller v. State,* 736 S.W.2d 643 (Tex. Crim.App.1987). If the State produces a warrant that is valid on its face, the burden of proof shifts back to the defendant to establish the invalidity of any such warrant by a preponderance of the evidence. *Rumsey v. State,* 675 S.W.2d at 520; *State v. Wood,* 828 S.W.2d at 475.

(2) if the search or arrest was effected without a warrant, or if the State is unable to otherwise produce a warrant, the State must prove the reasonableness of the search or seizure by a preponderance of the evidence. *Russell v. State,* 717 S.W.2d at 10, *citing LaLande v. State,* 676 S.W.2d 115 (Tex.Crim.App. 1984); *State v. Wood,* 828 S.W.2d at 475.

(3) if the search is allegedly consensual in nature, the State must establish by clear and convincing evidence that the defendant's consent was freely and voluntarily given. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797 (1968); *Dickey v. State,* 716 S.W.2d 499 (Tex.Crim.App. 1986).

While the Texas Supreme Court and the Court of Criminal Appeals have promulgated and adopted "The Texas Lawyer's Creed—A Mandate for Professionalism" wherein it is stated that a lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation and scrupulous observance of all agreements and mutual understanding, such candor and cooperation does not extend to the shifting of the burden of proof to opposing counsel out of courtesy.

The record in the instant case firmly establishes, and the majority opinion holds, that the law enforcement officer had specific articulable facts coupled with his experience, knowledge and logical inferences to justify the *initial* stop of Appellee, with or without probable cause. The record however, is devoid of *any* evidence upon which the trial court could reasonably determine that the arresting officer had probable cause to effect Appellee's arrest for driving while intoxicated. The State of Texas, by its obvious failure to introduce any evidence as to the facts and circumstances within the law enforcement officer's knowledge to warrant him to believe that Appellee was intoxicated, has failed to meet its burden of proof at the hearing on Defendant's Motion to Suppress Evidence that the arrest of the Appellee was *not* in violation of the Fourth Amendment, the Texas Constitution and other statutory provisions.[3]

---

3. A careful review of the entire record reveals that at the hearing on Defendant's Motion to Suppress Evidence, the State did not seek to introduce any evidence as to the probable cause to arrest Appellee after the law enforcement officer made the initial lawful stop. Further, there is nothing in the record to indicate that the State was in any manner prevented from presenting such evidence.