COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-09-00085-CR |
| Appellant, | § | Appeal from the |
| v. | § | Criminal District Court No. 1 |
| | § | |
| EVA OERTEL, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20080D05038) |
| | § | |

**O P I N I O N**

The State of Texas appeals the trial court's order granting Appellee's motion to suppress. Appellee was charged by indictment with possessing marijuana, 2,000 pounds or less, but more than fifty pounds. Appellee filed a pretrial motion to suppress, and the court granted her motion at the conclusion of a hearing. On appeal, the State contends the court erred in its conclusion of law that a third party, Ms. Yolanda Arredondo, did not have apparent authority to consent to the search of a suitcase belonging to Appellee. We must reverse.

Detective Jose Lucero was assigned to bus interdiction duties at the Los Paisanos Bus Station in El Paso on October 8, 2008. At about 7 p.m., he saw Appellee and Ms. Yolanda Arredondo get out of a 2000 Lincoln. Appellee was carrying a black duffle bag and a black suitcase. Ms. Arredondo had an identical black suitcase. Appellee and Ms. Arredondo approached a bus bound for Oklahoma. Appellee checked in the black duffel bag and left the black suitcase next to the luggage bin next to Ms. Arredondo's suitcase. Appellee boarded the

bus, but left the bus moments later. She spoke to Ms. Arredondo and then they picked up their suitcases and walked back to the Lincoln.

Detective Lucero found it suspicious that Appellee got off the bus without retrieving the duffle bag she had checked in. So he followed the Lincoln and saw it stop a short distance away at the intersection of Campbell and Eighth. Ms. Arredondo and a Mr. Fernando Melendez Martinez got out of the car with two black suitcases, which looked to be the same ones he saw Appellee and Ms. Arredondo carrying earlier at the bus station. The Lincoln then drove north on Campbell. Detective Lucero observed Ms. Arredondo and Mr. Martinez walk north on Campbell a short distance and then sit down by a rock wall.

Detective Lucero, along with his partner, Detective Kenny Jones, and Border Patrol Agent and K-9 Officer Martin Uranda, then approached Ms. Arredondo and Mr. Martinez. The detectives were dressed in plain clothes and identified themselves to Ms. Arredondo and Mr. Martinez as police officers by displaying their police credentials. After that, Detective Lucero engaged the two individuals in a consensual interview, and asked them where they were coming from and where they were going. They replied that a bus had dropped them off at Campbell, and that they were heading to their house on Alameda. Detective Lucero then asked them about the ownership of the black suitcases; Mr. Martinez denied ownership, but Ms. Arredondo claimed ownership of both suitcases. At that point, Agent Uranda informed Detective Lucero that his dog had alerted to both suitcases. Detective Lucero then asked Ms. Arredondo for her consent to search the two suitcases, and she provided her verbal consent for the officers to do so. After Detective Jones opened the suitcases and found bundles of marijuana, the officers placed Ms. Arredondo and Mr. Martinez under arrest.

As they were waiting for a patrol unit to arrive, the Lincoln drove by and Detective

Lucero recognized Appellee, a passenger in the Lincoln, as the same individual he saw earlier at the bus station who carried one of the black suitcases. The Lincoln was stopped and Appellee and the driver were placed under arrest.

When Detective Lucero inventoried the Lincoln, he uncovered two bus tickets, one belonging to Appellee, and the other to Ms. Arredondo. He also found a claim ticket to the black duffle bag. Detective Lucero followed up on the duffle bag and found only clothing and cosmetics in it.

Appellee was charged with possessing marijuana, 2,000 pounds or less, but more than fifty pounds. She filed a motion to suppress, and the court held a hearing on the motion in January 2009. At the beginning of the suppression hearing, the State stipulated that Appellee was arrested without a warrant, and the motion was conducted on the limited basis of Appellee's challenge to the arrest itself. However, after Appellee testified that the duffle bag and one of the suitcases containing marijuana belonged to her, the court established she had standing to challenge the search of her suitcase.

At the end of the hearing, the court granted Appellee's motion to suppress and filed its findings of fact and conclusions of law. Its findings of fact were consistent with Detective Lucero's testimony at the hearing. The court made three conclusions of law: (1) Ms. Arredondo voluntarily gave Detective Lucero verbal consent to search the suitcases; (2) according to Detective Lucero's described facts, Ms. Arredondo did not have apparent authority to consent to the search of the suitcase belonging to Appellee; and (3) the search and seizure of Appellee's suitcase was done without a warrant or legal justification. The State timely appealed.

We review a ruling on a motion to suppress using a bifurcated standard. *See Guzman v. State*, 955 S.W.2d 85, 87-91 (Tex.Crim.App. 1997); *Newbrough v. State*, 225 S.W.3d 863, 866

(Tex.App.--El Paso 2007, no pet.). While we review *de novo* mixed questions of law and fact that do not depend on credibility or demeanor of witnesses, we review purely factual questions that depend on credibility or demeanor of witnesses for an abuse of discretion. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000); *Guzman*, 955 S.W.2d at 89. The trial judge is the sole and exclusive trier of facts at a hearing on a motion to suppress. *State v. Hopper*, 842 S.W.2d 817, 819 (Tex.App.--El Paso 1992, no pet.). If the trial court has made fact findings, a reviewing court does not engage in its own factual review but decides only whether the trial judge's fact findings are supported by the record. *Id*.

In its sole issue, the State contends the trial court abused its discretion in granting Appellee's motion to suppress. The State specifically challenges the court's conclusion of law that "[Ms. Arredondo] did not have apparent authority to give consent to search regarding the black suitcase that belonged to [Appellee]," arguing that the court erred in basing this conclusion on its finding that Detective Lucero should have formed a belief that at least one of the suitcases belonged to Appellee. The State contends that the search fell within the warrantless search exception of voluntary consent by a third party with apparent authority.

The Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution forbids unreasonable searches and seizures. *Brimage v. State*, 918 S.W.2d 466, 500 (Tex.Crim.App. 1994)(Op. on reh'g). Warrantless searches are *per se* unreasonable unless they fall under one of a few exceptions. *Brimage*, 918 S.W.2d at 500. One of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043-44, 36 L.Ed.2d 854 (1973); *Riordan v. State*, 905 S.W.2d 765, 770 (Tex.App.--Austin 1995, no pet.). When relying upon consent to justify the lawfulness of a search, a

prosecutor has the burden to prove by clear and convincing evidence that the consent was freely and voluntarily given. *Riordan*, 905 S.W.2d at 770, *citing Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S.Ct. 1788, 1791, 20 L.Ed.2d 797 (1968).

A person with common authority over property may consent to a search of that property. *See United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974); *Patrick v. State*, 906 S.W.2d 481, 490 (Tex.Crim.App. 1995), *cert. denied*, 517 U.S. 1106, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996). "Common authority" is the mutual use of property by persons generally having joint access or control for most purposes. *Patrick*, 906 S.W.2d at 490, *citing Illinois v. Rodriguez*, 497 U.S. 177, 179, 110 S.Ct. 2793, 2797, 111 L.Ed.2d 148 (1990). A third party may properly consent to a search when the party has equal control over and equal use of the premises or effects being searched. *See Becknell v. State*, 720 S.W.2d 526, 528 (Tex.Crim.App. 1986), *cert. denied*, 481 U.S. 1065, 107 S.Ct. 2455, 95 L.Ed.2d 865 (1987).

If an officer fails to obtain consent from someone with actual authority to consent, the search nevertheless may be proper if the consenting person had apparent authority. *See Rodriguez*, 497 U.S. at 188, 110 S.Ct. at 2801. In *Rodriguez*, the Supreme Court held that a warrantless entry by law enforcement officers onto a person's premises does not violate the proscription of unreasonable searches and seizures under the Fourth Amendment, when such entry is based upon the consent of a third party whom the officers, at the time of the entry, reasonably believe to possess common authority over the premises, but who in fact does not possess such authority. *Rodriguez*, 497 U.S. at 182-86, 110 S.Ct. at 2798-2800; *Riordan*, 905 S.W.2d at 771. If the officers reasonably believed that the third party had common authority over the place to be searched, then their good faith mistake will not invalidate the search. *Rodriguez*, 497 U.S. at 182-86, 110 S.Ct. at 2798-2800; *Riordan*, 905 S.W.2d at 771. This does not mean,

however, that they may rely upon consent given in ambiguous circumstances or that clearly appears unreasonable. *Rodriguez*, 497 U.S. at 188, 110 S.Ct. at 2801; *Riordan*, 905 S.W.2d at 771.

Here, Detective Lucero testified that Appellee left the black suitcase with Ms. Arredondo when she boarded the bus, albeit briefly, at the bus station. Later, when Ms. Arredondo and Mr. Martinez got out of the Lincoln at Campbell and Eighth, they had both black suitcases seen by Detective Lucero before at the bus station. When questioned by Detective Lucero, Ms. Arredondo claimed ownership over both suitcases. Ms. Arredondo never told the officers that the suitcases belonged to somebody else, and Appellee never approached Detective Lucero to claim ownership over either suitcase. The two suitcases were identical, and neither had any kind of identification of ownership. Appellee was not present when the search occurred.

In *Frazier v. Cupp*, a decision in which the United States Supreme Court considered the doctrine of common authority, the defendant objected to the introduction of clothing seized from his duffel bag into evidence. 394 U.S. 731, 740, 89 S.Ct. 1420, 1425, 22 L.Ed.2d 684 (1969). The defendant and his cousin jointly used the duffel bag at the time of seizure, and the defendant had left the bag at his cousin's home. *Frazier*, 394 U.S. at 740, 89 S.Ct. at 1425. When the police officers arrested the cousin, they asked him if they could obtain his clothing, and the cousin directed them to the duffel bag. *Id*. Both the cousin and his mother consented to the search of the bag. *Id*. The officers then seized not only the cousin's clothing, but also the defendant's clothing from the bag. *Id*. The Supreme Court upheld the legality of the search despite the defendant's objections. *Id*. The Court reasoned that because the cousin had joint use of the bag with the defendant, he "clearly had authority to consent to its search," and the defendant "assumed the risk" that his cousin would permit someone else look inside the bag by

leaving it at his cousin's home and allowing him to use the bag. *Id*. As a result, the Court concluded the defendant did not have a valid search and seizure claim. *Id*.

Similar to *Frazier*, because the undisputed facts in the present case show that Appellee left her suitcase with Ms. Arredondo, she essentially assumed the risk that Ms. Arredondo would allow an officer look inside Appellee's suitcase. *See Frazier*, 394 U.S. at 740, 89 S.Ct. at 1425. Detective Lucero did not rely on a consent given in ambiguous circumstances or that clearly appeared unreasonable. Ms. Arredondo unequivocally claimed ownership and never made any contrary claim. *See Rodriguez*, 497 U.S. at 188, 110 S.Ct. at 2801; *Riordan*, 905 S.W.2d at 771. Because the facts available to Detective Lucero at the time of the search would warrant a reasonable person in believing that the consenting party, Ms. Arredondo, had common authority over both suitcases, the detective's good faith mistake that neither of the searched suitcases belonged to Appellee did not invalidate the search. *See Rodriguez*, 497 U.S. at 182-86, 110 S.Ct. at 2798-2800; *Riordan*, 905 S.W.2d at 771. Accordingly, the State's sole issue is sustained.

We reverse the trial court's judgment and remand for proceedings consistent with this decision.


June 30, 2010

                                      DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.)(Sitting by Assignment)

(Do Not Publish)