COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





THE STATE OF TEXAS,

                            Appellant,

v.


EVA OERTEL,
 
                            Appellee.

                           

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-09-00085-CR

Appeal from the

Criminal District Court No. 1

of El Paso County, Texas 

(TC# 20080D05038)






O P I N I O N

            The State of Texas appeals the trial court’s order granting Appellee’s motion to suppress. 
Appellee was charged by indictment with possessing marijuana, 2,000 pounds or less, but more
than fifty pounds. Appellee filed a pretrial motion to suppress, and the court granted her motion
at the conclusion of a hearing. On appeal, the State contends the court erred in its conclusion of
law that a third party, Ms. Yolanda Arredondo, did not have apparent authority to consent to the
search of a suitcase belonging to Appellee. We must reverse.
            Detective Jose Lucero was assigned to bus interdiction duties at the Los Paisanos Bus
Station in El Paso on October 8, 2008. At about 7 p.m., he saw Appellee and Ms. Yolanda
Arredondo get out of a 2000 Lincoln. Appellee was carrying a black duffle bag and a black
suitcase. Ms. Arredondo had an identical black suitcase. Appellee and Ms. Arredondo
approached a bus bound for Oklahoma. Appellee checked in the black duffel bag and left the
black suitcase next to the luggage bin next to Ms. Arredondo’s suitcase. Appellee boarded the
bus, but left the bus moments later. She spoke to Ms. Arredondo and then they picked up their
suitcases and walked back to the Lincoln.
            Detective Lucero found it suspicious that Appellee got off the bus without retrieving the
duffle bag she had checked in. So he followed the Lincoln and saw it stop a short distance away
at the intersection of Campbell and Eighth. Ms. Arredondo and a Mr. Fernando Melendez
Martinez got out of the car with two black suitcases, which looked to be the same ones he saw
Appellee and Ms. Arredondo carrying earlier at the bus station. The Lincoln then drove north on
Campbell. Detective Lucero observed Ms. Arredondo and Mr. Martinez walk north on Campbell
a short distance and then sit down by a rock wall.
            Detective Lucero, along with his partner, Detective Kenny Jones, and Border Patrol
Agent and K-9 Officer Martin Uranda, then approached Ms. Arredondo and Mr. Martinez. The
detectives were dressed in plain clothes and identified themselves to Ms. Arredondo and
Mr. Martinez as police officers by displaying their police credentials. After that, Detective
Lucero engaged the two individuals in a consensual interview, and asked them where they were
coming from and where they were going. They replied that a bus had dropped them off at
Campbell, and that they were heading to their house on Alameda. Detective Lucero then asked
them about the ownership of the black suitcases; Mr. Martinez denied ownership, but
Ms. Arredondo claimed ownership of both suitcases. At that point, Agent Uranda informed
Detective Lucero that his dog had alerted to both suitcases. Detective Lucero then asked
Ms. Arredondo for her consent to search the two suitcases, and she provided her verbal consent
for the officers to do so. After Detective Jones opened the suitcases and found bundles of
marijuana, the officers placed Ms. Arredondo and Mr. Martinez under arrest.
            As they were waiting for a patrol unit to arrive, the Lincoln drove by and Detective
Lucero recognized Appellee, a passenger in the Lincoln, as the same individual he saw earlier at
the bus station who carried one of the black suitcases. The Lincoln was stopped and Appellee
and the driver were placed under arrest.
            When Detective Lucero inventoried the Lincoln, he uncovered two bus tickets, one
belonging to Appellee, and the other to Ms. Arredondo. He also found a claim ticket to the black
duffle bag. Detective Lucero followed up on the duffle bag and found only clothing and
cosmetics in it.
            Appellee was charged with possessing marijuana, 2,000 pounds or less, but more than
fifty pounds. She filed a motion to suppress, and the court held a hearing on the motion in
January 2009. At the beginning of the suppression hearing, the State stipulated that Appellee
was arrested without a warrant, and the motion was conducted on the limited basis of Appellee’s
challenge to the arrest itself. However, after Appellee testified that the duffle bag and one of the
suitcases containing marijuana belonged to her, the court established she had standing to
challenge the search of her suitcase.
            At the end of the hearing, the court granted Appellee’s motion to suppress and filed its
findings of fact and conclusions of law. Its findings of fact were consistent with Detective
Lucero’s testimony at the hearing. The court made three conclusions of law: (1) Ms. Arredondo
voluntarily gave Detective Lucero verbal consent to search the suitcases; (2) according to
Detective Lucero’s described facts, Ms. Arredondo did not have apparent authority to consent to
the search of the suitcase belonging to Appellee; and (3) the search and seizure of Appellee’s
suitcase was done without a warrant or legal justification. The State timely appealed.
            We review a ruling on a motion to suppress using a bifurcated standard. See Guzman v.
State, 955 S.W.2d 85, 87-91 (Tex.Crim.App. 1997); Newbrough v. State, 225 S.W.3d 863, 866
(Tex.App.--El Paso 2007, no pet.). While we review de novo mixed questions of law and fact
that do not depend on credibility or demeanor of witnesses, we review purely factual questions
that depend on credibility or demeanor of witnesses for an abuse of discretion. See State v. Ross,
32 S.W.3d 853, 855 (Tex.Crim.App. 2000); Guzman, 955 S.W.2d at 89. The trial judge is the
sole and exclusive trier of facts at a hearing on a motion to suppress. State v. Hopper, 842
S.W.2d 817, 819 (Tex.App.--El Paso 1992, no pet.). If the trial court has made fact findings, a
reviewing court does not engage in its own factual review but decides only whether the trial
judge’s fact findings are supported by the record. Id.
            In its sole issue, the State contends the trial court abused its discretion in granting
Appellee’s motion to suppress. The State specifically challenges the court’s conclusion of law
that “[Ms. Arredondo] did not have apparent authority to give consent to search regarding the
black suitcase that belonged to [Appellee],” arguing that the court erred in basing this conclusion
on its finding that Detective Lucero should have formed a belief that at least one of the suitcases
belonged to Appellee. The State contends that the search fell within the warrantless search
exception of voluntary consent by a third party with apparent authority.
            The Fourth Amendment to the United States Constitution and Article I, Section 9 of the
Texas Constitution forbids unreasonable searches and seizures. Brimage v. State, 918 S.W.2d
466, 500 (Tex.Crim.App. 1994)(Op. on reh’g). Warrantless searches are per se unreasonable
unless they fall under one of a few exceptions. Brimage, 918 S.W.2d at 500. One of the
specifically established exceptions to the requirements of both a warrant and probable cause is a
search that is conducted pursuant to consent. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93
S.Ct. 2041, 2043-44, 36 L.Ed.2d 854 (1973); Riordan v. State, 905 S.W.2d 765, 770 (Tex.App.--Austin 1995, no pet.). When relying upon consent to justify the lawfulness of a search, a
prosecutor has the burden to prove by clear and convincing evidence that the consent was freely
and voluntarily given. Riordan, 905 S.W.2d at 770, citing Bumper v. North Carolina, 391 U.S.
543, 548, 88 S.Ct. 1788, 1791, 20 L.Ed.2d 797 (1968).
            A person with common authority over property may consent to a search of that property. 
See United States v. Matlock, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974);
Patrick v. State, 906 S.W.2d 481, 490 (Tex.Crim.App. 1995), cert. denied, 517 U.S. 1106, 116
S.Ct. 1323, 134 L.Ed.2d 475 (1996). “Common authority” is the mutual use of property by
persons generally having joint access or control for most purposes. Patrick, 906 S.W.2d at 490,
citing Illinois v. Rodriguez, 497 U.S. 177, 179, 110 S.Ct. 2793, 2797, 111 L.Ed.2d 148 (1990). 
A third party may properly consent to a search when the party has equal control over and equal
use of the premises or effects being searched. See Becknell v. State, 720 S.W.2d 526, 528
(Tex.Crim.App. 1986), cert. denied, 481 U.S. 1065, 107 S.Ct. 2455, 95 L.Ed.2d 865 (1987).
            If an officer fails to obtain consent from someone with actual authority to consent, the
search nevertheless may be proper if the consenting person had apparent authority. See
Rodriguez, 497 U.S. at 188, 110 S.Ct. at 2801. In Rodriguez, the Supreme Court held that a
warrantless entry by law enforcement officers onto a person’s premises does not violate the
proscription of unreasonable searches and seizures under the Fourth Amendment, when such
entry is based upon the consent of a third party whom the officers, at the time of the entry,
reasonably believe to possess common authority over the premises, but who in fact does not
possess such authority. Rodriguez, 497 U.S. at 182-86, 110 S.Ct. at 2798-2800; Riordan, 905
S.W.2d at 771. If the officers reasonably believed that the third party had common authority over
the place to be searched, then their good faith mistake will not invalidate the search. Rodriguez,
497 U.S. at 182-86, 110 S.Ct. at 2798-2800; Riordan, 905 S.W.2d at 771. This does not mean,
however, that they may rely upon consent given in ambiguous circumstances or that clearly
appears unreasonable. Rodriguez, 497 U.S. at 188, 110 S.Ct. at 2801; Riordan, 905 S.W.2d at
771.
            Here, Detective Lucero testified that Appellee left the black suitcase with Ms. Arredondo
when she boarded the bus, albeit briefly, at the bus station. Later, when Ms. Arredondo and
Mr. Martinez got out of the Lincoln at Campbell and Eighth, they had both black suitcases seen
by Detective Lucero before at the bus station. When questioned by Detective Lucero,
Ms. Arredondo claimed ownership over both suitcases. Ms. Arredondo never told the officers
that the suitcases belonged to somebody else, and Appellee never approached Detective Lucero
to claim ownership over either suitcase. The two suitcases were identical, and neither had any
kind of identification of ownership. Appellee was not present when the search occurred.
            In Frazier v. Cupp, a decision in which the United States Supreme Court considered the
doctrine of common authority, the defendant objected to the introduction of clothing seized from
his duffel bag into evidence. 394 U.S. 731, 740, 89 S.Ct. 1420, 1425, 22 L.Ed.2d 684 (1969). 
The defendant and his cousin jointly used the duffel bag at the time of seizure, and the defendant
had left the bag at his cousin’s home. Frazier, 394 U.S. at 740, 89 S.Ct. at 1425. When the
police officers arrested the cousin, they asked him if they could obtain his clothing, and the
cousin directed them to the duffel bag. Id. Both the cousin and his mother consented to the
search of the bag. Id. The officers then seized not only the cousin’s clothing, but also the
defendant’s clothing from the bag. Id. The Supreme Court upheld the legality of the search
despite the defendant’s objections. Id. The Court reasoned that because the cousin had joint use
of the bag with the defendant, he “clearly had authority to consent to its search,” and the
defendant “assumed the risk” that his cousin would permit someone else look inside the bag by
leaving it at his cousin’s home and allowing him to use the bag. Id. As a result, the Court
concluded the defendant did not have a valid search and seizure claim. Id.
            Similar to Frazier, because the undisputed facts in the present case show that Appellee
left her suitcase with Ms. Arredondo, she essentially assumed the risk that Ms. Arredondo would
allow an officer look inside Appellee’s suitcase. See Frazier, 394 U.S. at 740, 89 S.Ct. at 1425. 
Detective Lucero did not rely on a consent given in ambiguous circumstances or that clearly
appeared unreasonable. Ms. Arredondo unequivocally claimed ownership and never made any
contrary claim. See Rodriguez, 497 U.S. at 188, 110 S.Ct. at 2801; Riordan, 905 S.W.2d at 771. 
Because the facts available to Detective Lucero at the time of the search would warrant a
reasonable person in believing that the consenting party, Ms. Arredondo, had common authority
over both suitcases, the detective’s good faith mistake that neither of the searched suitcases
belonged to Appellee did not invalidate the search. See Rodriguez, 497 U.S. at 182-86, 110 S.Ct.
at 2798-2800; Riordan, 905 S.W.2d at 771. Accordingly, the State’s sole issue is sustained.
            We reverse the trial court’s judgment and remand for proceedings consistent with this
decision.


June 30, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.)(Sitting by Assignment)

(Do Not Publish)