COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




THE STATE OF TEXAS,

                            Appellant,

v.


ALVARO MAZUCA,
 
                            Appellee.

                           

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-09-00102-CR

Appeal from the

Criminal District Court No. 1

of El Paso County, Texas 

(TC# 20090D00116)





O P I N I O N

            The State of Texas appeals the trial court’s order granting Appellee’s motion to suppress. 
Appellee was charged by indictment with intent to deliver a controlled substance,
methylenedioxy methamphetamine (“ecstasy”), four grams or more but less than 400 grams. 
Appellee filed a pretrial motion to suppress all of the evidence, and the court granted his motion
to suppress the ecstasy at the conclusion of a suppression hearing. On appeal, the State
challenges the court’s conclusion that the ecstasy was the fruit of an illegal detention. We affirm.
            At 10 p.m. one evening, El Paso Police Officer Christopher Grijalva saw a yellow
Mustang with allegedly defective taillights turning from a public roadway into a parking lot. He
and his partner, Officer Chavez, initiated a traffic stop because of the alleged taillight violation. 
Officer Chavez approached the driver to obtain his identification and proof of insurance, while
Officer Grijalva approached the passenger side of the car. According to Officer Grijalva, the
window on the passenger’s side was down and Appellee, who was the passenger, looked at him
the entire time Officer Chavez spoke to the driver. Officer Grijalva asked Appellee for his
identification, and Appellee offered his driver’s license.
            After Officer Chavez obtained the driver’s identification, both officers returned to their
patrol car to check for outstanding warrants for the two individuals. Officer Grijalva discovered
and verified that Appellee had more than one outstanding traffic warrant. At that point, Officer
Grijalva approached Appellee, had him step out of the car, and asked him if he was aware of the
outstanding warrants. Appellee answered in the affirmative.
            Officer Grijalva then escorted Appellee to the patrol car. Before the officer conducted a
pat-down search, he asked Appellee if he had anything illegal on him, and Appellee answered
“yes.” Appellee told the officer that he had some ecstasy pills in his front right pocket in a black
pouch. Officer Grijalva then patted Appellee down, put him under custody, and placed him in
the patrol car. The officer found the black pouch that contained ecstasy pills and some
marijuana. Officer Grijalva placed Appellee under arrest for controlled substance penalty group
one and possession of marijuana, in addition to his outstanding warrants.
            Appellee filed a pretrial motion to suppress all of the evidence. After conducting a
hearing, the court granted the motion. In its findings of fact and conclusions of law, the court
found that Officer Grijalva’s testimony was not credible with respect to the condition of the
Mustang’s taillights and with respect to his claim that he reasonably believed there was a
violation of the Transportation Code based on the condition of the car’s taillights. However, the
court accepted the testimony that the officers discovered outstanding warrants for Appellee, that
the officers arrested him pursuant to those warrants, that the officers conducted a search of
Appellee’s person incident to arrest, and that they found ecstasy on him. The court also made
three conclusions of law: (1) The driver of the Mustang did not violate Section 547.322 of the
Transportation Code, which sets forth the requirements for a car’s taillights; (2) the officers did
not have probable cause or reasonable suspicion to perform a traffic stop; and (3) Appellee’s
arrest warrants “did not purge the taint of the illegal stop due to the flagrancy of the police action,
the close temporaral [sic] proximity and the fact that no Miranda warnings were read.”
            We review a ruling on a motion to suppress using a bifurcated standard. See Guzman v.
State, 955 S.W.2d 85, 87-91 (Tex.Crim.App. 1997); Newbrough v. State, 225 S.W.3d 863, 866
(Tex.App.--El Paso 2007, no pet.). While we review de novo mixed questions of law and fact
that do not depend on the credibility or demeanor of witnesses, we review purely factual
questions that depend on credibility or demeanor for an abuse of discretion. See State v. Ross, 32
S.W.3d 853, 855-56 (Tex.Crim.App. 2000); Guzman, 955 S.W.2d at 89. We afford almost total
deference to a trial court’s determination of historical facts that are supported by the record,
particularly when such findings are based on an evaluation of witnesses’ credibility and
demeanor. Guzman, 955 S.W.2d at 89. We afford the same amount of deference to a trial
court’s rulings applying law to fact to the extent those rulings turned on an evaluation of
credibility and demeanor. See Keehn v. State, 279 S.W.3d 330, 334 (Tex.Crim.App. 2009). The
trial judge is the sole and exclusive trier of facts at a hearing on a motion to suppress. State v.
Hopper, 842 S.W.2d 817, 819 (Tex.App.--El Paso 1992, no pet.). If the trial court has made fact
findings, a reviewing court does not engage in its own factual review but decides only whether
the trial court’s fact findings are supported by the record. Hopper, 842 S.W.2d at 819.
            In its sole issue, the State contends the trial court abused its discretion in granting
Appellee’s motion to suppress evidence of the ecstasy. The State specifically challenges the
court’s conclusion of law that Appellee’s outstanding arrest warrants “did not purge the taint of
the illegal stop due to the flagrancy of the police action, the close temporaral [sic] proximity and
the fact that no Miranda warnings were read.” The State argues the court incorrectly applied the
attenuation doctrine to the facts in the present case, and that even if the initial traffic stop was
illegal, Officer Grijalva’s discovery of Appellee’s outstanding warrants sufficiently attenuated
the connection between any illegal detention and the subsequent search incident to Appellee’s
arrest on those warrants.
            A law enforcement officer may lawfully stop a motorist when the officer has probable
cause to believe that the motorist has committed a traffic violation. Walter v. State, 28 S.W.3d
538, 542 (Tex.Crim.App. 2000). Under circumstances short of probable cause, an officer may
conduct a temporary investigative detention as an exception to the general warrant requirement. 
Hopper, 842 S.W.2d at 820. To determine the reasonableness of an investigative detention, we
apply the Terry test: (1) whether the officer’s action was justified at its inception; and (2)
whether it was reasonably related in scope to the circumstances that justified the initial
interference. Terry v. Ohio, 392 U.S. 1, 19-20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968);
Davis v. State, 947 S.W.2d 240, 244 (Tex.Crim.App. 1997). An officer may conduct an
investigative detention following a traffic stop for as long as it is reasonably necessary to
effectuate the purpose of the stop. Haas v. State, 172 S.W.3d 42, 52 (Tex.App.--Waco 2005, pet.
ref’d). However, the officer must support the stop with articulable facts, which should amount to
more than a mere hunch or suspicion. Hopper, 842 S.W.2d at 820. The articulable facts, when
combined with the officer’s personal experience and knowledge and any logical influences, must
constitute sufficient reasonable suspicion that criminal activity is afoot. Id. If an officer does not
satisfy this standard, the investigative detention is improper. See U.S. Const. Amend. IV;
Alonzo v. State, 251 S.W.3d 203, 207 (Tex.App.--Austin 2008, pet. ref’d).
            Even if Appellee’s detention was illegal, the discovery of an outstanding warrant may
attenuate the taint of his unlawful stop. The fruit of the poisonous tree doctrine forbids the use of
evidence obtained following an illegal detention. Wong Sun v. United States, 371 U.S. 471, 484,
83 S.Ct. 407, 415-16, 9 L.Ed.2d 441 (1963). However, under the attenuation doctrine, evidence
may be admitted, in spite of an initial illegal detention, if the connection between the primary
illegality and the discovery of the challenged evidence has become so attenuated as to dissipate
the taint. See, e.g., Johnson v. State, 871 S.W.2d 744, 749-51 (Tex.Crim.App. 1994). Evidence
is not classified as a fruit requiring exclusion merely because it would not have been discovered
“but for” the primary invasion. Armstrong v. State, 550 S.W.2d 25, 31 (Tex.Crim.App. 1977)
(op. on reh’g). Rather, the issue is whether the evidence in question has been discovered by
exploitation of the primary illegality or by means sufficiently distinguishable to be purged of the
primary taint. Id.
            Texas courts have held that the discovery of a valid warrant, even in a situation involving
an illegal detention, breaks the connection between the primary taint and the subsequently
discovered evidence. See Johnson v. State, 496 S.W.2d 72, 74 (Tex.Crim.App. 1973); Fletcher
v. State, 90 S.W.3d 419, 420-21 (Tex.App.--Amarillo 2002, no pet.); Lewis v. State, 915 S.W.2d
51, 54 (Tex.App.--Dallas 1995, no pet.). The discovery of an outstanding warrant may erase any
taint that arose from the illegal stop, making the evidence uncovered during the search
admissible. Johnson, 496 S.W.2d at 74; Fletcher, 90 S.W.3d at 420; Lewis, 915 S.W.2d at 54.
            In this case, Officer Grijalva testified that he and his partner stopped the Mustang because
its taillights appeared to be white instead of red. The trial court found this testimony not credible
and determined instead that the taillights were red. However, the court found the officer’s
testimony credible regarding the discovery of the outstanding warrants, Appellee’s arrest
pursuant to those warrants, the search of Appellee’s person incident to arrest, and the discovery
of ecstasy on Appellee. We must defer to the trial court’s findings of fact that are based on an
evaluation of witnesses’ credibility and demeanor. See Guzman, 955 S.W.2d at 89. Accordingly,
under the Terry test, the officers who stopped the Mustang lacked justification to make the stop
at its inception because the car’s taillights were not white, as the officer testified. See Terry, 392
U.S. at 19-20, 88 S.Ct. at 1879.
            Moreover, the officers’ discovery of Appellee’s outstanding warrants failed to attenuate
the connection between the illegal detention and the subsequent search incident to Appellee’s
arrest on those warrants. In a similar case, Fletcher, an officer conducted a stop based on his
observation that the trunk of the defendant’s car was wide open and that an air conditioner
protruded from it. 90 S.W.3d at 420. After running the defendant’s cash checking identification
card, the officer determined he was subject to outstanding arrest warrants. Id. The officer then
arrested the defendant, and while conducting an inventory search of the defendant’s car, the
officer discovered methamphetamine. Id. He also found marijuana on the defendant while
searching him incident to arrest. Id. The court of appeals in Fletcher affirmed the trial court’s
decision denying the defendant’s motion to suppress discovery of the contraband based on the
contention that the officer lacked sufficient articulable facts allowing him to reasonably suspect
the defendant’s involvement in criminal activity. Fletcher, 90 S.W.3d at 421. Although the
appellate court questioned the legitimacy of the officer’s initial stop, it concluded that the
subsequently discovered evidence was admissible based on the officer’s discovery of the
outstanding warrants, which “removed any taint that may have arisen from the original stop”
under the attenuation doctrine. Id. This case differs from Fletcher in that the trial court rejected
the only basis for stopping the Mustang, i.e., its allegedly defective taillights. Furthermore, we
share the same sentiment of “trepidation” some of our sister courts have expressed in concluding
that an officer’s discovery of an arrest warrant while conducting an illegal detention would
provide sufficient attenuation to remove the taint from the finding of contraband. See Fletcher,
90 S.W.3d at 421 n.1; Reed v. State, 809 S.W.2d 940, 948 n.3 (Tex.App.--Dallas 1991, no pet.). 
We do not want to “encourage the seizure of suspects upon inadequate grounds while an
investigation is conducted for the purpose of establishing probable cause or discovering the
existence of arrest warrants.” Reed, 809 S.W.2d at 948 n.3. For these reasons, we conclude the
uncovering of Appellee’s arrest warrants failed to provide sufficient attenuation so as to insulate
the discovery of ecstasy from taint. As such, the trial court did not err in granting Appellee’s
motion to suppress. We overrule the State’s sole issue.
            Having overruled the State’s sole issue presented for review, we affirm the trial court’s
judgment.

April 20, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)