# Court of Appeals

## Tenth Appellate District of Texas

---
10-24-00357-CR
---

Jamison Whitaker,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
443rd District Court of Ellis County, Texas
Judge Cynthia Ermatinger, presiding
Trial Court Cause No. 49332CR

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Jamison Whitaker appeals from his conviction for the offense of terroristic threat. After finding him guilty, the jury assessed punishment at forty years of confinement in the Texas Department of Criminal Justice—Institutional Division. In his sole issue, Whitaker contends the trial court erred in denying his motion to suppress evidence. We affirm.

## BACKGROUND

Because he was angry at his coworkers at Liberty Tire Recycling in Midlothian, Whitaker confronted a supervisor in the parking lot, saying "I got something for you," while pointing his finger like a gun. He then went to his car, picked something up, put it back down, and returned to continue yelling at the supervisor. The next day, Whitaker showed a coworker, Frank Byers, an assault rifle he had in the back of his vehicle. Whitaker said he was going to "shoot the place up" and "kill these Mexicans" and the supervisor.

Byers reported the threat to his superiors, and they called the police. Although police answered a call regarding a person in possession of a firearm who was making threats, Whitaker was arrested on outstanding traffic warrants. They did not search his vehicle. A tow truck was sent to tow Whitaker's vehicle for safekeeping, but the towing company took the wrong vehicle. After Whitaker was removed from the premises, Pedro Garcia, the regional vice president for Liberty Tire Recycling, took the firearm from Whitaker's vehicle and placed it in his office for safekeeping. The police returned about thirty minutes after arresting Whitaker. Garcia then gave the rifle to police.

Whitaker was indicted for the offense of terroristic threat. Before trial, he filed a motion to suppress the rifle. He asserted that Garcia committed

burglary of a vehicle when he took the rifle and therefore it is inadmissible. The trial court denied the motion. The jury found Whitaker guilty, and this appeal ensued.

**MOTION TO SUPPRESS**

In his sole issue, Whitaker asserts the trial court erred in denying his motion to suppress because Garcia unlawfully obtained the rifle. He argues that Garcia committed the offense of burglary of a motor vehicle, making the evidence inadmissible.

## Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *State v. Torres*, 666 S.W.3d 735, 740 (Tex. Crim. App. 2023). We afford almost total deference to the trial court's express or implied determination of historical facts and the trial court's rulings on mixed questions of law and fact, especially when those determinations are based on an assessment of credibility and demeanor. *Id*; *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We review pure questions of law, as well as mixed questions of law and fact that do not turn on an assessment of credibility and demeanor, on a de novo basis. *Torres*, 666 S.W.3d at 740-41. Thus, we review de novo the trial court's application of the law of seizure to the facts. *Dixon*, 206 S.W.3d at 590. The trial court is the sole factfinder at a suppression

hearing, and it may believe or disbelieve all or any part of a witness's testimony. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009).

We view the record in the light most favorable to the trial court's conclusion and reverse only if the trial court's decision is outside the zone of reasonable disagreement. *Dixon*, 206 S.W.3d at 590. We will sustain the trial court's ruling if it is supported by the record and is correct on any theory of law applicable to the case. *Id*. We do not view motions to suppress in isolation, but in the context of the entire record. *Douds v. State*, 472 S.W.3d 670, 677 (Tex. Crim. App. 2015); *State v. Hopper*, 842 S.W.2d 817, 819 (Tex. App.—El Paso 1992, no pet.).

**Applicable Law**

Texas code of criminal procedure article 38.23(a) provides that evidence obtained by an officer or other person in violation of law is inadmissible in a trial of any criminal case. TEX. CODE CRIM. PROC. ANN. art. 38.23(a). A person commits the offense of burglary of a vehicle if, without the consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft. TEX. PENAL CODE ANN. § 30.04(a).

**Analysis**

Whitaker asserts that Garcia committed burglary of a vehicle, making the evidence inadmissible. It was Whitaker's burden to establish that Garcia

took the rifle in violation of law. *See Baird v. State*, 379 S.W.3d 353, 357 (Tex. App.—Waco 2012), *aff'd*, 398 S.W.3d 220 (Tex. Crim. App. 2013). That is, he had to prove that Garcia, without Whitaker's consent, entered his vehicle with intent to deprive Whitaker of property. *See* TEX. PENAL CODE ANN. §§ 30.04(a); 31.03(a).

Garcia explained that since Whitaker was arrested for an open warrant, Garcia thought he would be released quickly. Because Whitaker's vehicle, still containing the rifle, remained at Liberty Tire, he felt that the security of his employees was in jeopardy. He felt it was his "job to protect the safety and security of the people of the Midlothian facility." He removed the rifle from Whitaker's vehicle and put it in his office.

Garcia may have intended to deprive Whitaker of the rifle. However, when a person who is not an officer or an agent of an officer takes property that is evidence of a crime, without the effective consent of the owner and with the intent to turn over the property to an officer, article 38.23 may not be triggered and the evidence may not have to be excluded. *See Jenschke v. State*, 147 S.W.3d 398, 402 (Tex. Crim. App. 2004) (en banc). We look to the evidence to determine the intent of the non-governmental actor. *Id.* at 402-03; *Hansen v. State*, 224 S.W.3d 325, 330 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

Garcia testified that he removed the rifle from Whitaker's vehicle to keep everyone safe. A police officer returned about thirty minutes after Whitaker's arrest to ensure that the correct vehicle was towed. Garcia and two coworkers were trying to decide what to do next when the police officer returned. Garcia immediately informed the officer that he had the rifle in his possession for safekeeping. Garcia told the officer he had removed the rifle from the vehicle because he was afraid Whitaker would return after being released from jail. Garcia feared for the safety of everyone at the workplace.

Although Garcia had not immediately decided what to do, he formed the intent to inform the police within approximately thirty minutes. When the police returned, he immediately explained that he was in possession of the rifle. We determine that under these facts article 38.23 was not implicated. *See Jenschke*, 147 S.W.3d at 402; *Hansen*, 224 S.W.3d at 330. The trial court did not err in denying Whitaker's motion to suppress. *See Dixon*, 206 S.W.3d at 590. We overrule Whitaker's sole issue.

## CONCLUSION

Having overruled Whitaker's sole issue, we affirm the trial court's judgment.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  August 7, 2025

Before Chief Justice Johnson,
       Justice Smith, and
       Justice Harris
Affirmed
Do not publish
CRPM

